**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILIA GRANDE MERCADO; PEDRO MERCADO; ARISTIDES GIOVANNI MERCADO GRANDE; DANY HERIBERTO MERCADO GRANDE; SUSY YESENIA MERCADO GRANDE, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-71311 Agency Nos. A088-558-110 A088-558-111 A088-558-112 A094-999-022 A088-197-449 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Emilia Grande Mercado, Pedro Mercado, Aristides Giovanni Mercado

Grande, Dany Heriberto Mercado Grande, and Susy Yesenia Mercado Grande

(collectively "Petitioners") petition for review of the Board of Immigration

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Appeals' ("BIA") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review a final order of the BIA under 8 U.S.C. § 1252(a)(1).

The immigration judge ("IJ") determined that Petitioners were credible in their testimony and that they had a subjectively and objectively reasonable fear of future persecution, but that they failed to demonstrate that their fear of persecution was on account of a protected ground. The BIA affirmed the IJ's decision that Petitioners had failed to establish a nexus to a protected ground.

The record does not compel a contrary conclusion with respect to Petitioners' claims that they were persecuted on account of religion. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (holding reversal is only warranted where the evidence compels the contrary conclusion). While Petitioners may have been religiously motivated, there is not compelling evidence that the gang members were motivated by Petitioners' religion, rather than by their anti-gang activities and relative wealth.

Petitioners also contend that they were persecuted on account of their membership in a particular social group, the Mercado family. The BIA concluded that Petitioners' family did not meet the social visibility requirement, relying on *In re S-E-G-*, 24 I. & N. Dec. 579 (B.I.A. 2008) which rejected a social group that

2

was defined primarily by its resistance to gang membership. Since the BIA's decision, however, the law has changed with regard to the social visibility requirement. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1085 (9th Cir. 2013) (en banc) (holding the relevant question is one of "perception" rather than "on-sight" visibility); *In re W-G-R-*, 26 I. & N. Dec. 208, 217 (B.I.A. 2014) (requiring "social distinction" rather than visibility). Further, whether a group constitutes a particular social group must be considered on a case-by-case basis, and a group may not be rejected solely because a similar group had previously been rejected. *Pirir-Boc v. Holder*, 750 F.3d 1077, 2014 WL 1797657, at *4 (9th Cir. May 7, 2014). In light of these changes to the law, we remand to the BIA for reconsideration.

Petitioners also propose a social group on the basis of their membership to King's Castle church, but that claim has not been exhausted before the BIA and we lack jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The BIA, however, has discretion to consider that additional proposed social group on remand.

Petitioners have not established eligibility for relief under CAT. Torture is "an extreme form of cruel and inhuman treatment," and Petitioners have not met their burden of showing that they would be subjected to torture if returned to El

Salvador. *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (internal quotation marks omitted).

The petition for review is **GRANTED** in part and **DENIED** and **REMANDED** in part. Each party is to bear its own costs.